FILED

11/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0039

FILED

NOV 18 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

COMMISSION ON PRACTICE
OF THE SUPREME COURT
STATE OF MONTANA

NOV 09 2020

## BEFORE THE COMMISSION ON PRACTICE
## OF THE SUPREME COURT OF THE STATE OF MONTANA

| | |
|---|---|
| IN THE MATTER OF<br><br>PATRICK SANDEFUR,<br><br>An Attorney at Law,<br><br>Respondent. | ) Supreme Court Cause No. PR 20-0039<br>) Commission File No. 19-078<br>)<br>) **FINDINGS OF FACT,**<br>) **CONCLUSIONS OF LAW AND**<br>) **RECOMMENDATION ON RULE 26**<br>) **CONDITIONAL ADMISSION AND**<br>) **AFFIDAVIT OF CONSENT**<br>) |

Hearing on the *Conditional Admission and Affidavit of Consent*

("*Conditional Admission*") filed in this matter came on for hearing before the

Elkhorn Adjudicatory Panel of the Commission on Practice on October 15, 2020

by virtual means. Commission members participating in the proceeding were

Ward "Mick" Taleff, Chair, Brad Belke, Michael Black, Pat DeVries, Jean Faure,

Lori Maloney, Lois Menzies, Dan O'Brien, Randy Ogle and Heather Perry. The

Office of Disciplinary Counsel was represented by Chief Disciplinary Counsel

Pam Bucy. Mr. Sandefur appeared and was represented by Ed Sheehy. Based

upon the *Conditional Admission* and the record at the hearing, in accordance with

Rule 26A, MRLDE, the Commission makes its findings of fact, reaches its

conclusions of law, and makes its recommendation for discipline.

- 1 -

## FINDINGS OF FACT

1. Patrick Sandefur ("Sandefur") was admitted to the practice of law in Montana in 1997, at which time he took the oath required for admission, agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including, but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated, then in effect or as thereafter amended.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC") governing the ethical conduct of attorneys licensed to practice in Montana, which Rules were in effect at all times relevant to the charges in the *Complaint*.

3. During the time period of July through September, 2019, the ODC received three grievances alleging Sandefur engaged in unethical conduct while representing three defendants for whom he was appointed as counsel. The grievances were docketed as ODC File Nos. 19-075, 19-076, and 19-102.

4. In August, 2019 the ODC forwarded grievances 19-075 and 19-076 to Sandefur. In October 2019, the ODC forwarded grievance 19-102 to Sandefur. The ODC requested his response to each. Sandefur received the requests but did not respond.

5. The ODC send second notices of the grievances to Sandefur in

September and November 2019, respectively. Such notices were received by him.

6. In a phone conversation with ODC on October 2, 2019, Sandefur was granted an extension to October 11, 2019 to provide his responses to grievances 19-075 and 19-076. The ODC also granted Sandefur an extension on grievance 19-102.

7. ODC emailed Sandefur on October 28, 2019, reminding him that he had missed the October 11th deadline and the pending deadline for responding to grievance 19-102. By return email that same day, he advised the ODC he had been "working diligently" to answer the grievances and would have them mailed and emailed that day. Despite that assurance, he did not do so.

8. Despite the ODC filing a *Complaint* and its serial requests for his response, it was not until late August 2020, through his attorney, that Sandefur filed his responses to the three grievances.

9. Although not charged in the *Complaint*, Sandefur in his *Conditional Admission* admits he violated Rule 8.1(a), MRPC, by knowingly making a false statement when he advised the ODC on October 28, 2019 that the responses would be mailed and emailed that day.

10. Sandefur has one prior disciplinary event. He appeared before the Commission on Practice in July 2019 for a Rule 24, MRLDE, Order to Show Cause hearing for his failure to respond to a prior grievance. That matter was held

- 3 -

in abeyance pending the ODC's review of the response and has now been resolved.

11.     Sandefur offered in mitigation personal reasons for his failure to respond to the requests of the ODC. Although the responses Sandefur eventually provided to the ODC in October 2020, were considered very thorough and the grievances dismissed by the ODC, the reasons for his lengthy failure to respond appear to have been resolved by April 2020. No explanation was given for the ensuing approximately 6-month delay in responding.

Based upon the forgoing factual findings, the Commission reaches its legal conclusions.

## CONCLUSIONS OF LAW

1.     All jurisdictional and procedural requirements for these proceedings have been met.

2.     By his failure to respond to the ODC's inquiries, Sandefur violated Rule 8.1(b), MRPC.

3.     Rule 8A(6), MRLDE, provides a separate ground for a finding of an ethical violation. Sandefur violated this Rule by failing to promptly and fully respond to the inquires of the ODC and in failing to timely justify such refusal or nonresponse.

4.     Sandefur's *Answer* claims lack of information whether Rule 8A(6), MRLDE, provides additional grounds for discipline and asserts his prior

- 4 -

disciplinary history is not relevant and should be excluded from consideration due to its prejudicial affect substantially outweighing its probative value. Sandefur's prior disciplinary record is not relevant to the violations charged in the *Complaint*, but is relevant in considering the form of discipline under Rule 9B, MRLDE.

5. The Commission lacks authority to impose discipline for conduct that has not been the subject of the *Compliant*. *In re Best*, 2010 MT 59, 355 Mont. 365, 229 P.3d 1201. Therefore, despite his admission that he violated Rule 8.1(a), such conduct should and will not be considered by the Commission.

## RECOMMENDATION FOR DISCIPLINE

Sandefur tendered his *Conditional Admission* in exchange for the following discipline:

1. An admonition by the Commission on Practice, to be delivered in writing or orally, at the Commission's discretion.

2. A suspension from the practice of law for a period not to exceed 30 days, with the ODC being able to advocate for imposition of a 30-day suspension, while Sandefur able to advocate for a lesser sanction.

3. Payment of costs incurred by the ODC and the Commission on Practice in this matter.

Sandefur has acknowledged the Commission's decision to impose discipline

is final unless, within ten days of the Commission's decision, he, the ODC, or a member of the public files a petition with the Clerk of the Supreme Court asking the Court to review the decision.

The Commission recommends that Sandefur's discipline be an admonition by the Commission on Practice, to be delivered in writing or orally at the Commission's discretion, that he be suspended from the practice of law for a period of 30 days, with the inclusive period of such suspension to be agreed upon between the ODC and Sandefur in view of his caseload with the Office of the Public Defender, but with a commencement date not later than five (5) months from the date this Court accepts this recommendation in order to allow him and his office sufficient time to arrange for substitute representation in his cases but to not allow a large caseload to delay imposition of the suspension for too long a period, and that he be responsible for payment of costs incurred by the ODC and the Commission on Practice in this matter.

## RATIONALE FOR RECOMMENDATION

The ODC's request for a response from Sandefur to the three grievances was first made in August 2019. The *Complaint* was filed in this matter on January 15, 2020. The *Answer* was filed March 11, 2020. Sandefur's treatment for his personal issue was complete by April 2020 and he returned to full-time work by that date. Yet it was not until August 2020, *one year* after the ODC's first request to him,

that Sandefur finally provided a response to it. The fact that while those requests were made Sandefur had already been the subject of a show cause hearing in July 2019 for failing to respond to ODC inquiries and anticipated an order regarding it should have motivated him to action. Yet he still delayed for more than a year in responding to that office and misled it about his intentions when the ODC's patience would periodically run out and would attempt to nudge him to cooperate.

In those circumstances, and given the importance this Commission places on the obligation of attorneys to fully and promptly cooperate with the ODC, and not without sympathy to the personal issues he was facing, Sandefur's plea for a more lenient period of suspension due to his caseload merits little consideration in the view of the Commission. It is a plea virtually every trial lawyer could make. By providing a significant time frame within which the suspension can take effect but without letting it be put off indefinitely, Sandefur and his office should be capable of resolving staffing needs.

The ODC concurred in this form of discipline and remained steadfast that the period of suspension should be imposed.

Respectfully submitted this 9th day of November, 2020.

COMMISSION ON PRACTICE OF THE
SUPREME COURT OF THE STATE OF MONTANA

By _____
Ward "Mick" Taleff, Chairperson

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the Order on Rule 26 Conditional Admission and Affidavit of Consent via electronic service, this _10th_ day of November, 2020, as follows:

Ed Sheehy
Counsel for Respondent
211 N. Higgins Ave., Ste. 401
Missoula, MT 59802
esheehy@mt.gov

Pamela D. Bucy
Deputy Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
pbucy@montanaodc.org

_Shelly Smith_
Shelly Smith, Office Administrator

- 8 -